In re Alvin Chester LEEK, Bankrupt.

Betty A. JONES, Plaintiff,

v.

Alvin Chester LEEK, Defendant.

No. 74–1834 B.

United States District Court,
E. D. Missouri, E. D.

Sept. 23, 1975.

Walter D. McQuie, Jr., Montgomery, Mo., Richard J. Frederick, St. Louis, Mo., for plaintiff.

MEMORANDUM AND ORDER

REGAN, District Judge.

On June 16, 1975, Bankruptcy Judge Taylor entered an order determining that a debt owing to Betty Ann Jones in the sum of $37,225.90 plus interest to date of bankruptcy is nondischargeable and ordering judgment to be issued in the sum of $38,121.25. On the same day, a separate judgment in said sum was entered in favor of Betty Ann Jones and against bankrupt.

The Bankruptcy Court held that the debt was an obligation for maintenance and support of bankrupt's former wife (Betty Ann Jones) within the meaning of the Bankruptcy Act and as such was not dischargeable. The debt had theretofore (prior to bankruptcy) been reduced to final judgment in the Circuit Court of Warren County, Missouri.

On June 23, 1975, bankrupt filed his Notice of Appeal from the money judgment entered against him in the Bankruptcy Court. The Bankruptcy Judge fixed the amount of the supersedeas bond at $40,000. A motion to amend judgment to conform to the pleadings and another motion to amend findings were filed and denied by the Bankruptcy Judge. Neither motion stated the respects in which amendment was requested. Bankrupt has filed in this Court motions to reduce the amount of the supersedeas bond, to amend judgment and to amend findings.

The proceeding instituted before the Bankruptcy Judge was one to determine the dischargeability of the Warren County judgment. The sole issue presented by the complaint (as plaintiff correctly states in her memorandum filed in the Bankruptcy Court) was whether her *judgment* debt evi-

**2**

denced a liability due or to become due for maintenance or support. On the premise that it was such a liability, plaintiff prayed the Court "to enter its order and judgment that same is a non-dischargeable debt." No other issue was tried.

It is at once apparent that since Betty Ann Jones already had a state court judgment for the very same claim on which the Bankruptcy Judge entered judgment in her favor, the second judgment was wholly unnecessary. In view of the finding that the state court judgment (on Count III) was not discharged, a second judgment by the Bankruptcy Court was not warranted by Section 35(c)(3), 11 U.S.C., which provides that if a debt is determined to be nondischargeable, the Court "shall determine *the remaining issues*, render judgment," et cetera. In the usual case, the remaining issues would be whether the alleged debt was owing and the amount thereof. Here, however, no such issues were presented or tried or remained for the Bankruptcy Court to determine, all of them having been determined by the State Court. Hence, the money judgment appealed from should be set aside and vacated.

The notice of appeal refers only to the money judgment. No appeal was taken from the order of June 16, 1975, determining that the indebtedness is non-dischargeable, so that the correctness of that order is not before us. Having held that the money judgment of June 16, 1975 should be vacated, it follows that bankrupt's motions relating thereto are mooted.

Accordingly, IT IS HEREBY ORDERED that the judgment entered June 16, 1975, in favor of Betty Ann Jones and against Alvin Chester Leek in the sum of $38,121.25 be and the same is hereby vacated, set aside and for naught held.