**In re Montgomery Hulon HARRELL, Debtor.**

**Montgomery Hulon HARRELL, Plaintiff,**

**v.**

**Caryl Ann (Kaldenberg) Harrell SHARP, Defendant.**

**Bankruptcy No. 80–03730A.**
**Adv. No. 80–1388A.**

United States Bankruptcy Court,
N. D. Georgia,
Atlanta Division.

Aug. 17, 1981.

Paul W. Bonapfel, Cotton, Katz, White & Palmer, Atlanta, Ga., for plaintiff.

Timothy Sweeney, Perry Phillips, McCauley, Owen & Sweeney, Atlanta, Ga., for defendant.

## ORDER

W. HOMER DRAKE, Jr., Bankruptcy Judge.

On December 19, 1980, the above-referenced debtor, Montgomery Hulon Harrell, filed his complaint to determine the dischargeability of a debt. The debt in question arose out of the debtor's separation and subsequent divorce from Caryl Ann Harrell Sharp. The original separation agreement of the parties made in 1971 provided that the debtor was to pay monthly child support for his son in the amount of $100.00 per month until his son became wholly self-supporting, or married, or attained the age of 21 in addition to providing all the costs for the education of said child through college and post-graduate school. An amendment to said separation agreement was entered into in 1974 which provided in relevant part that child support was to be increased to $200.00 per month and that a trust was to be set up to provide security for the debtor's obligation to provide for the education of his son.

The instant case was originally before this Court on the defendant's motion for judgment on the pleadings. On July 14, 1981, this Court ordered that pursuant to Federal Rule of Civil Procedure 12(c) and Bankruptcy Rule 712(b), inasmuch as matters outside the pleadings in the form of affidavits have accompanied the briefs of the parties and have been presented to the Court to be considered on ruling on the motion for judgment on the pleadings, defendant's motion "shall be treated as one for summary judgment and disposed of as provided for in Rule 56."

There are three issues in the instant case: (1) Whether the debtor's arrearage in the amount of $6,717.00 under the above-mentioned separation agreement and amendment is dischargeable in that the amounts already paid to the above-referenced defendant were sufficient to constitute full support and maintenance; (2) Whether the debtor's obligation to pay child support and the college expenses of his 19 year old son are dischargeable; and (3) Whether it is proper for this Court to modify the separation agreement which is the origin of the debts which are the subject of this Court.

The separation agreement by its terms set the parameters for the payments to be made by the debtor to his wife and son which were in the nature of alimony, support and maintenance. 11 U.S.C. § 523(a)(5) specifically excepts from discharge the above types of debt. However, at least one case has held that the Court must balance the policy of the Bankruptcy Code to provide a debtor with a fresh start against the debtor's obligation to fulfill his familial obligations. In re Warner, 5 B.R. 434, 6 B.C.D. 788, 792 (Bkrtcy.C.D.Utah 1980, Mabey, B. J.) In re Warner required further that for a debt to be held nondischargeable under 11 U.S.C. § 523(a)(5), it must have been originally imposed on the basis of the need of the debtor's spouse or child and, at the time of the filing of the debtor's petition, a present need that the debt be paid must exist. Therefore, as a genuine issue of material fact exists as to whether the debtor's spouse or child are in present need of the above-mentioned arrearages, this issue is not appropriate for the grant of a summary judgment.

■ The debtor's obligation to pay child support until his son reaches the age of 21 or becomes wholly self-supporting or marries and the debtor's obligation to pay his son's college expenses are not dischargeable. 11 U.S.C. § 523 provides in relevant part that a debtor is not discharged from any debt to a child of the debtor for maintenance or support in connection with a separation agreement, but not to the extent that . . . such debt includes a liability designated as . . . maintenance or support, unless such liability is actually *in the nature of* . . . maintenance, or support. In the instant case, the debtor has argued that his son is not a child within the scope of 11 U.S.C. § 523(a)(5) and that a college education is not maintenance or support.

11 U.S.C. § 523(a)(5) did not limit the word "child" by prefacing it with the word "minor". Accordingly, "child" as it is used in 11 U.S.C. § 523(a)(5) includes a child of the debtor who has reached the age of majority.

The agreement to provide educational expenses is in the nature of maintenance or support. State law is not determinative on this point. H.R.Rep.No.95–595, 95th Cong., 1st Sess. 363–364 (1977), U.S.Code Cong. & Admin.News 1978, 5787. 11 U.S.C. § 523(a)(5)(B) specifically uses the phrase "in the nature of" to broaden the scope of maintenance and support for bankruptcy purposes. Therefore, a summary judgment in favor of the debtor is not appropriate with regard to the question of the dischargeability of the debtor's obligation to pay for his son's support and education.

This Court will hear argument of counsel regarding the proper construction of the separation agreement in accordance with 11 U.S.C. § 523(a)(5)(B). However, inasmuch as this is a Chapter 7 case under the Code, the Court declines at this time to review the question of modifying the separation agreement.

IT IS SO ORDERED.