**In the Matter of Melvin Albert MILLER, Debtor.**

**Margaret A. MILLER, Plaintiff,**

v.

**Melvin Albert MILLER, Defendant.**

Adv. No. 81–0148.

United States Bankruptcy Court, W. D. Wisconsin.

Feb. 17, 1982.

Brigham & Calhoun by Eugene S. Calhoun, Madison, Wis., for plaintiff.

Wendel, Center, Lipman & Peppard by Charles G. Center, Madison, Wis., for defendant.

## MEMORANDUM DECISION

ROBERT D. MARTIN, Bankruptcy Judge.

Plaintiff, Margaret Miller, was divorced from defendant, Melvin Miller, on April 18, 1960. Defendant was ordered to pay child support until his youngest child, Ronald, reached the age of eighteen. On several occasions defendant was found to be in contempt of court for failure to make child support payments. On March 10, 1978, Ronald became eighteen. On July 23, 1979, plaintiff commenced an action in Dane County Circuit Court to collect child support arrearages in the amount of $2,148. Defendant filed a chapter 7 petition on April 17, 1981. The action in Dane County Circuit Court has been stayed by defend-

ant's bankruptcy proceeding. Plaintiff is seeking an order declaring that the support arrearages are not dischargeable under 11 U.S.C. § 523(a)(5). Defendant has moved to dismiss the complaint.

Many issues have been raised by the parties which are not directly related to the dischargeability of the support arrearage. Defendant has denied the existence of the obligation due to alleged credits for gifts made to the child by his parents, denied paternity, claimed laches and statutes of limitation, and characterized the obligation as other than support because the child has reached his majority. Each of these defenses appears to be wholly without merit.

■ As a general rule, gifts from a parent to a child cannot be set off against a support obligation. *Mixson v. Mixson*, 253 S.C. 436, 171 S.E.2d 581 (1969). Since defendant himself may not set off gifts he made to the children, there appears no reason why gifts made by defendant's parents should be set off against the support arrearages. The gifts from the grandparents may not be credited against the support arrearages.

■ Neither may defendant seek reduction of child support payments arising from a final divorce decree by claiming that the support is for a child that is not his. In *E._____ v. E._____*, 57 Wis.2d 436, 204 N.W.2d 503 (1973), the court held that the question of a child's paternity is *res judicata* where the defendant failed to challenge it during the original divorce proceeding. The question of Ronald Miller's paternity is *res judicata* under the April 18, 1960, divorce decree. Melvin Miller is thus prevented from avoiding liability for child support payments for Ronald by denying that he is Ronald's father.

■ Plaintiff is not barred by laches[1] nor the statute of limitations.[2] Since an action to collect arrearages is an action upon a judgment, Wis.Stats. § 893.40, the twenty-year limitation, applies. In the Miller case, the action in circuit court could not

have been commenced until March 10, 1978, the day Ronald Miller reached majority. Therefore, the applicable statute of limitations did not begin to run until that date.

■ Finally, relying on *Halmu v. Halmu*, 247 Wis. 124, 19 N.W.2d 317 (1945), defendant argues that arrearages for child support do not constitute "support" once the children have reached the age of majority. This characterization of the court's holding in *Halmu* is imprecise. The issue was "whether after the youngest child has arrived at the age of twenty-one years, the divorce court in a contempt proceeding may enter a money judgment founded on arrearages accumulated during the time when it had jurisdiction over the children ...." *Halmu* at 131, 19 N.W.2d 317. The court's holding pertained only to the jurisdiction of the divorce court and the nature of the action necessary to recover support arrearages once the divorce court's jurisdiction ended. The court held that the jurisdiction of the divorce court ends at the children's majority. The court stated, "[t]he conclusion that the remedy after majority is a separate action to recover arrearages we hold to be sound." *Halmu* at 132, 19 N.W.2d 317. Nowhere in *Halmu* does the court hold that child support arrearages do not constitute child "support" once the children have reached the age of majority.

■ The issue of dischargeability must now be considered. 11 U.S.C. § 523(a)(5) of the Bankruptcy Code expressly excepts from discharge debts due,

> (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of both spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—
>
> (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support.

**1.** *Paterson v. Paterson*, 73 Wis.2d 150, 242 N.W.2d 907 (1976).

**2.** *Halmu v. Halmu*, 247 Wis. 124, 19 N.W.2d 317 (1945).

The statutory language stating that child support debts are not dischargeable is clear as are the limitations on that effect set out in 11 U.S.C. § 523(a)(5)(B). Only those debts which provide actual support are excepted from discharge.

The limits of nondischargeability were thoughtfully and thoroughly discussed in a recent bankruptcy court decision which held that, under certain circumstances, debts for alimony or child support may be dischargeable. Noting that a court must be prepared "to strike an acceptable balance between the imperatives of domestic support and debtor's relief," Judge Mabey held in *In Re Warner*, 6 B.C.D. 788, 792, 5 B.R. 434, Bankr.L.Rep. (CCH) ¶ 67,631 (Bkrtcy.D. Utah 1980) that:

> It seems reasonable to conclude that for a debt to be nondischargeable under either Section 17a(7), ... or 11 U.S.C. § 523(a)(5), payment of the debt must be reasonably necessary for the support and maintenance of spouse and children both at the time the debt was imposed in the divorce decree and at the time the discharge of the debt is attempted, or, in other words, at the time the bankruptcy petition of the debtor-spouse is filed.

Reasoning that for questions of dischargeability bankruptcy courts are not bound by definitions of support under state law, but rather obliged to apply a Federal law consistent with purposes of the bankruptcy law, Judge Mabey held that,

> [E]ven if the debt was originally imposed on the basis of the need of the spouse or children, the debt cannot be held nondischargeable unless at the time of filing there exists a present need by the spouse or children that the debt be paid. *Warner*, 5 B.R. at 443, 6 B.C.D. at 793.

The analysis employed by Judge Mabey was compelled by the cases cited in *Warner* and is adopted by this court. Before a determination of dischargeability can be made, the court must be presented with evidence of the present circumstances of the person to whom and the person on whose behalf the support was ordered paid. If the ordered payment continued to be necessary for the support ordered as of the date the petition in bankruptcy was filed by the defendant, the debt would be nondischargeable. The pleadings herein are adequate to raise and give notice of that issue. Accordingly, the motion to dismiss must be denied.

Upon the foregoing, it is hereby

ORDERED that the defendant's motion to dismiss be and hereby is denied, and it is hereby further

ORDERED that a pretrial in this proceeding be held at the U.S. Bankruptcy Court, 44 East Mifflin Street, Suite 403, Madison, Wisconsin, on the 6th day of April, 1982, at 3:30 p.m.