In re William NELSON, II, Debtor.

Ella S. Nelson BENZ, Plaintiff,

v.

William NELSON, II, Defendant.

William NELSON, II, Counter-Claimant,

v.

Ella S. Nelson BENZ, Counter-Claimant.

No. 82–3091.

United States District Court,
M. D. Tennessee,
Nashville Division.

June 4, 1982.

Rollie Woodall, Nashville, Tenn., for plaintiff.

Harry Lewis, Nashville, Tenn., for defendant.

## MEMORANDUM

WISEMAN, District Judge.

This is an appeal by plaintiff-appellant Ella S. Nelson Benz from an order of the bankruptcy court discharging a debt owed to her by defendant-appellee William Nelson, II. Defendant's debt to plaintiff arose out of defendant's obligation to make certain payments to plaintiff pursuant to a support agreement that the parties devised after their divorce. After falling substantially in arrears in his payments to plaintiff, defendant filed a petition in bankruptcy, pursuant to 11 U.S.C. Chapter 7, and plaintiff filed suit in the bankruptcy court to except the debt from discharge under 11 U.S.C. § 523(a)(5), which excepts from discharge debts for maintenance, support, or alimony. The bankruptcy court denied plaintiff's effort, concluding (1) that part of the debt was actually a division of property and therefore not covered by the section 523(a)(5) exception, and (2) that the remaining portion of the debt, although for maintenance, alimony, or support and thus facially covered by section 523(a)(5), was nonetheless dischargeable because of equitable considerations. In this appeal, plain-

tiff asserts that both determinations by the bankruptcy court are incorrect. Plaintiff contends essentially that defendant's entire debt to her falls within section 523(a)(5) and that consequently, it may not be discharged.

Having reviewed the bankruptcy court's decision, the Court concludes that plaintiff is partially correct in her contention. For reasons stated below, the Court believes that the bankruptcy court decision is proper with regard to that portion of defendant's debt that it characterized as a property division. The Court also concludes, however, that the bankruptcy court erred in its disposition of the remaining portion of defendant's debt, which the bankruptcy court characterized as maintenance, alimony, or support payments. As discussed below, the Court finds no support in section 523(a)(5) or its legislative history for the bankruptcy court's decision to discharge this part of the debt.

For the reasons stated below, the decision of the bankruptcy court, 16 B.R. 658, is thus affirmed in part and reversed in part.

*Facts*

Plaintiff and defendant were married in June 1944. Together, they raised four children, but in May 1965 they separated. Subsequently, defendant deeded to plaintiff his interest in the family residence at 4441 East Brookfield Drive, Nashville, Tennessee. On November 29, 1965, plaintiff and defendant reached a support agreement. The Probate Court of Davidson County, Tennessee, incorporated both the deeding of the residence and the support agreement into the final decree of divorce.

The support agreement required: (1) defendant to pay plaintiff $500 per month in support of plaintiff and the minor children;

(2) defendant to continue to pay mortgage, tax, and insurance costs for the East Brookfield residence, so long as the plaintiff and children lived there; and (3) mutual consent for future modifications of the support agreement. Pursuant to a consent decree, defendant increased the monthly support payments to $850, effective December 1, 1968.

In 1969, defendant's brokerage business failed. This, in turn, impaired his ability to comply with the support agreement, and, thereafter, defendant's support payments fell significantly in arrears. In 1976 based upon a consent decree, the probate court entered judgment in favor of plaintiff for $23,257.40. Of this amount, $16,500.50 represented the accumulated unpaid portion of the support payments, and $6,657.40 represented mortgage, tax, and insurance payments made by plaintiff that the support agreement required defendant to pay. To satisfy this judgment, the probate court ordered defendant to pay to plaintiff $200 per month, commencing upon the eighteenth birthday of the parties' youngest child, March 9, 1980.

In October 1980, defendant filed a petition in bankruptcy pursuant to 11 U.S.C. Chapter 7, and included his debt to plaintiff, arising out of the prior state court judgment, among those debts for which he sought to be discharged. Plaintiff filed a motion to except the debt from discharge, pursuant to 11 U.S.C. § 523(a)(5).[1] At trial, defendant argued that the bankruptcy court should retrospectively evaluate the fairness of the prior support agreement and discharge it to the extent that it was excessive.

The bankruptcy court treated defendant's debt to plaintiff as consisting of two dis-

---

1. Section 523(a)(5) provides in its entirety:

 A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—....

 (5) to a spouse, former spouse, or child of the debtor for alimony to, maintenance for, or support of spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—

 (A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise; or

 (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support; ...

tinct parts. First, the court concluded that the $16,500.50 was "clearly in the nature of support, maintenance, or alimony." *Nelson v. Nelson*, 16 B.R. 658 at 661 (Bkrtcy.D. Tenn.1981). Second, the court deemed the $6,657.40 to be "merely a division of property." *Id.* at 661. Having so characterized the components of defendant's debt, the court noted that 11 U.S.C. § 523(a)(5) does not exempt debts that are actually divisions of property and, accordingly, discharged the latter portion of the debt.

The court then examined whether 11 U.S.C. § 523(a)(5) applied to except the remaining portion of defendant's debt from discharge. Relying on the reasoning of *Warner v. Warner*, 5 B.R. 434 (Bkrtcy.D. Utah 1980), the bankruptcy court employed a two-pronged analysis. The *Warner* court had reasoned that section 523(a)(5) requires, as a threshold matter, that to be exempt from discharge a debt must be owed to a spouse, former spouse, or child and be in the nature of support, alimony, or maintenance. The *Warner* court had further reasoned that if this threshold requirement is met, the court must then balance the current need of the spouse against the general bankruptcy law policy of providing a debtor a fresh start unencumbered by preexisting debt. Applying the *Warner* analysis, the bankruptcy court concluded that defendant's needs outweighed those of plaintiff. Consequently, the bankruptcy court discharged the remaining $16,500.50 of defendant's debt that it had characterized as support, maintenance, or alimony.

### Merits

Plaintiff now appeals the decision of the bankruptcy court and raises two issues for this Court's consideration: (1) whether the bankruptcy court was correct when it characterized as a division of property those payments that plaintiff made for mortgage, tax, and insurance expenses for the East Brookfield Drive residence; and (2) whether the bankruptcy court erred by discharging that portion of the debt that it characterized as in the nature of support, maintenance, or alimony.

The bankruptcy court determined as a matter of fact that the part of the debt attributable to mortgage, tax, and insurance payments by plaintiff represented a division of property, and not support, maintenance, or alimony. As the bankruptcy court noted, section 523(a)(5) excepts from discharge in bankruptcy *only* debts for maintenance, support, or alimony, to a spouse, former spouse, or the debtor's child and does not exempt property divisions. Although the state court that presided over the parties' divorce characterized defendant's entire obligation to plaintiff as maintenance, support, or alimony, the bankruptcy court is not bound by that determination. 11 U.S.C. § 523(a)(5)(B). To determine whether a given debt is exempt from discharge under section 523(a)(5), the bankruptcy court must look to the actual nature of the debt, for "[w]hat constitutes alimony, maintenance, or support, will be determined under the bankruptcy laws, not State law." *See* H.R.Rep.No. 95–595, 95th Cong., 1st Sess., 264 (1977), *reprinted in* [1978] U.S. Code Cong. & Ad.News 5787, 6320. Having reviewed the record on appeal, the Court finds that the bankruptcy court's factual determination regarding the property division is not clearly erroneous and, therefore, must be accepted as correct. Rule 810, Rules of Bankruptcy Procedure.[2] Because

---

**2.** Plaintiff argues that the "clearly erroneous" standard of review is inappropriate in this case. Relying on *In re Maitlen*, 658 F.2d 466 (7th Cir. 1981), plaintiff argues that the determination of whether or not payments labeled as support, maintenance, or alimony are, in fact, support, maintenance, or alimony, and, therefore, within section 523(a)(5), is a question of law or a mixed question of law and fact. The *Maitlen* court, at least in part, relied upon the lower court's application of an Indiana statute in deciding that the question confronting it was a question of law or a mixed question of fact and law and that accordingly the clearly erroneous standard did not apply. The instant case does not involve the application of a statute by the bankruptcy court. Instead, the court below merely complied with the statutory procedural requirement, section 523(a)(5)(B), that it examine the actual nature of the debt. If the court below had failed to examine the nature of the debt, review of such a failure would involve a

the exception provided by section 523(a)(5) does not extend to a division of property, the bankruptcy court's discharge of this portion of the debt, amounting to $6,657.40, is affirmed.

The bankruptcy court also determined as a matter of fact that the remaining portion of the debt ($16,500.50) represented alimony, maintenance, or support and therefore fell within section 523(a)(5). Based upon its review of the record on appeal, the Court finds that here, too, the bankruptcy court's factual determination is not clearly erroneous and must be accepted as correct. Rule 810, Rules of Bankruptcy Procedure. That determination does not end this Court's review, however, for despite section 523(a)(5)'s apparent exemption of the debt from discharge, the bankruptcy court concluded that defendant should not be obliged to pay the $16,500.50 to plaintiff. The question thus presented to this Court is whether section 523(a)(5) provides an absolute exemption from discharge for maintenance, alimony, and support payments or instead provides an exemption that can be tempered by equitable considerations.

In discharging the $16,500.50 portion of defendant's debt to plaintiff, the bankruptcy court essentially decided that defendant needed the money far more than plaintiff.

Relying on *Warner v. Warner*, 5 B.R. 434 (Bkrtcy.D.Utah 1980), as noted earlier, the bankruptcy court balanced the need of the spouse at the time of the bankruptcy hearing against the policy of providing the debtor defendant with a fresh, unencumbered start. Neither the *Warner* court nor the court below, however, relied upon any specific provision of the bankruptcy act or any expression of congressional purpose contained in the legislative history of section 523(a)(5) to support its application of a balancing test. This Court's examination of section 523(a)(5) and its legislative history convinces the Court that the bankruptcy court erred in its determination.

■ By creating an exception to the general rule of discharge, Congress, implicitly, resolved the balancing of the very interests considered by the court below in favor of the spouse. Congress did not, in any manner, manifest an intention that the bankruptcy courts should embark upon their own balancing of these policies.[3] Under section 523(a)(5), the bankruptcy courts are free to determine whether a debt characterized by a state court as alimony, support, or maintenance is in fact just that. Upon finding that a debt is in fact support, alimony, or maintenance, however, the bankrupt-

question of law; however, when, as here, a bankruptcy court adheres to the statutory procedure its ultimate determination involves a question of fact. The latter being the case here, the clearly erroneous standard is appropriate.

3. Comparison of section 523(a)(8) and section 523(a)(5) illustrates two alternative approaches that were available to Congress when considering the bankruptcy act: (1) to create absolute exceptions to discharge, as in section 523(a)(5); or (2) to permit bankruptcy courts to weigh various factors when determining whether to discharge a debt, as in section 523(a)(8). Section 523(a)(8) applies to educational loans. It provides:

A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(8) for an educational loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or a nonprofit institution of higher education, unless—

(A) such loan first became due before five years (exclusive of any applicable suspension of repayment period) before the date of the filing of the petition; or

(B) *excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents*; ... (emphasis added).

The structure of section 523(a)(8) reflects Congressional intent to permit bankruptcy courts to use a balancing process when determining whether or not to except an educational loan from discharge. The structure of section 523(a)(5) does not reflect such an intent. Instead, as noted *infra*, judicial discretion under section 523(a)(5) is limited to determining whether a particular debt is in fact in the nature of alimony, maintenance, or support. *See* H.R.Rep.No. 95–595, 95th Cong., 1st Sess. 264, *reprinted in* [1978] U.S.Code Cong. & Ad.News 5787, 6320. *See generally* 124 Cong.Rec. 1791 (1978) (remarks of Rep. Ertel, sponsor of the amendment that is now codified as § 523(a)(8) 124 Cong.Rec. 1793 (1978) (remarks of Rep. Dodd).

cy court is not free to discharge the debt. Section 523(a)(5) states clearly that such debts are not to be discharged. Consequently, upon finding the debt to be maintenance, support, or alimony in fact, the bankruptcy court below should have excepted that portion of the debt from discharge. Because it did not, its decision in this respect must be reversed.

In accordance with the foregoing discussion, the decision of the bankruptcy court is affirmed in part and reversed in part.