**In re Richard Arthur COMER, Debtor.**

**Richard Arthur COMER, Appellant,**

v.

**Elaine F. COMER, Appellee.**

**BAP No. NC–82–1168 EVK.**
**Bankruptcy No. 581–01586.**
**Adv. No. 81–0627.**

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued Nov. 19, 1982.

Decided March 15, 1983.

John Walshe Murray, Murray & Murray, Palo Alto, Cal., for appellant.

Dennis M. Trusty, Dellergo & Tinsley, Redwood City, Cal., for appellee.

Before ELLIOTT, VOLINN and KATZ, Bankruptcy Judges.

ELLIOTT, Bankruptcy Judge:

Elaine Comer ("Elaine") filed this action against her ex-husband, Richard Comer (the "Debtor") seeking to have her claim for unpaid alimony and child support declared nondischargeable under Title 11 United States Code (the "Bankruptcy Code" or "Code") § 523(a)(5). She also sought relief from the automatic stay to enforce her claim. The trial court entered judgment for Elaine. We Affirm.

## I

### STANDARD OF REVIEW

At the time established for trial on Elaine's action the court heard argument but it admitted no evidence. The court orally refused to permit proof of various facts to be submitted by the Debtor and it is upon this basis that the Debtor's appeal primarily lies. Notwithstanding this failure to admit evidence, the court subsequently entered a document prepared by counsel for Elaine labeled "JUDGMENT EXCLUDING EVIDENCE AND DETERMINING THE NON–DISCHARGEABILITY OF DEBT." Although the intended characterization of this "Judgment" is unclear and it does not comply with Bankruptcy Rule 921(a), we construe it as a grant of summary judgment. By deeming the evidence offered by the Debtor irrelevant, the court, in effect, determined that even if the Debtor's assertions were true they did not raise a material issue of fact. See Fed.R.Civ.P. 56(c), (made applicable by Bankruptcy Rule 756).

Thus on review we must reverse if any of the facts alleged by the Debtor are proper defenses to Elaine's claim for relief.

## II

### FACTS

The Debtor and his wife separated in 1967 while residents of the State of New York. At the time of the separation, an agreement was executed calling for weekly alimony and child support. The Debtor claims that this agreement was modified by various orders of the Family Law Courts of the State of New York prior to October, 1973 which drastically reduced the obligation. At that time Mr. Comer, having moved to California, obtained a dissolution of the marriage in the Superior Court of California in San Bernardino. The interlocutory order confirmed the earlier New York court awards setting payments at a reduced rate.

Notwithstanding these events, in mid 1979 Elaine obtained a default judgment in

the New York courts based upon breach of the original 1967 separation agreement. The Debtor contends that the amount of the judgment (about $38,000) was computed on the basis of the original alimony and support agreement without taking account of the later modifications or of some payments made by the Debtor. He admits owing approximately $8,000 in unpaid alimony and child support. The Debtor was duly served in the action; his only excuse for allowing the default was his alleged inability to travel to New York to dispute the claim and his stated belief that the New York courts could no longer assert personal jurisdiction over him.

About two months after obtaining the default judgment Elaine obtained a "sister state" judgment in the Santa Clara Superior Court based upon the New York default judgment. Shortly thereafter, the Debtor sought to vacate the "sister state" judgment on various grounds including fraud, lack of jurisdiction in the New York court, and failure to credit amounts paid. In March, 1980, the Superior Court refused to vacate the judgment, and specifically found that the New York court had jurisdiction over the Debtor and that Elaine had "properly" obtained the New York default judgment. That decision has not been appealed.

The Debtor filed his chapter 7 bankruptcy petition in May of 1981.

### III

### ISSUES PRESENTED

The Debtor does not dispute that the New York and corresponding California judgments were entered for alimony and child support as those terms are defined as a matter of federal law. Rather, his contentions on appeal frame the issues:

1. Should the trial court have considered evidence showing the Debtor's relative financial need compared to his ex-wife's both at the time of the petition and at the time the support obli-

gation was created notwithstanding that any amount owed is admittedly child support or alimony?

2. Should the trial court have considered evidence showing that the New York judgment and the corresponding California "sister state" judgment did not accurately reflect the amount of the debt actually owed?

3. Was the trial court obliged to refuse to consider evidence and argument submitted by Elaine in opposition to Debtor's motion for reconsideration because the opposition was filed after the deadline established by local rule?

### IV

### ANALYSIS

We consider each issue in order.

#### A. Relative Financial Condition

The Debtor relies upon In re Warner, 5 B.R. 434 (Bkrtcy.D.Utah 1980) for the proposition that the trial court had a duty to balance the financial health of the debtor with that of his former spouse in determining whether to discharge Code § 523(a)(5) claims. The author of Warner argues that notwithstanding the absence of express authority to weigh these questions, the legislative intent of the Bankruptcy Code to give the debtor a "fresh start" mandates such an inquiry.

We decline to follow Warner. We agree with the district court's analysis in In re Nelson, 20 B.R. 1008, 1010 (D.C.M.D.Tenn. 1982), rev'd, 16 B.R. 658 (Bkrtcy.M.D. Tenn.). In reversing the bankruptcy court, which had adopted the Warner reasoning, the district court held that the absence of an express hardship exception in Code § 523(a)(5) when compared to the existence of such a provision in § 523(a)(8), relating to student loans, evidences legislative intention that dischargeability of § 523(a)(5) debts not be subject to a balancing of hardships by the bankruptcy court. Such bal-

ancing is properly within the province of the state family law courts.

In reaching this decision we note that the *Warner* decision does not enjoy widespread acceptance. No appellate decision has approved its holding. It has been held to control in the reported decisions of only two other bankruptcy courts: *In re Harrell,* 13 B.R. 302 (Bkrtcy.N.D.Ga.1981) and the now reversed *In re Nelson* decision, *supra.* Although the *Harrell* court follows *Warner,* it does so without independent reasoning. Other decisions citing *Warner* as support do not significantly add to its authority or persuasiveness with respect to this issue. *See In re Lovett,* 6 B.R. 270, (Bkrtcy.D. Utah 1980) (reaffirmation of *Warner* holding by its author); *In re French,* 9 B.R. 464, 468 (Bkrtcy.S.D.Cal.1981) (debt held nondischargeable; discussion of *Warner* type balancing in dicta); *In re Singer,* 18 B.R. 782, 787 (Bkrtcy.S.D.Ohio 1982) (dicta); *In re Voss,* 20 B.R. 598 (Bkrtcy.N.D.Iowa 1982) (dicta); *In re Bradley,* 17 B.R. 107 (Bkrtcy. M.D.Tenn.1981) (reaffirmation of the subsequently reversed *Nelson* decision by its author).

### B. *Evidence that Prepetition Judgments Did Not Properly Reflect Amount Owed*

The Debtor argues, on the authority of *Pepper v. Litton,* 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939), that the bankruptcy court should reexamine the amount of the debt actually owing to Elaine. Elaine argues that the New York default judgment and the California "sister state" judgment established the amount owing as a matter of *res judicata* citing *Heiser v. Woodruff,* 327 U.S. 726, 66 S.Ct. 853, 90 L.Ed. 970 (1946).

As a general proposition the bankruptcy courts are not free to disregard the prior judgments of other state and federal tribunals where the doctrines of *res judicata* or collateral estoppel would otherwise apply. The relevant issue in *Pepper* was whether the principles of *res judicata* required the

bankruptcy court to allow, as a claim against the corporate debtor's estate, a debt evidenced by a judgment fraudulently and collusively obtained by the individual in control of the debtor as part of his scheme to defraud a creditor of the corporation. The Supreme Court ruled that the bankruptcy court properly looked behind the fraudulent claim and properly disallowed or subordinated the debt. It reached this conclusion even though a prior collateral attack on the judgment had been mounted and had been defeated in the state courts. The Court held that the collateral attack in the state court had been so procedurally and substantively limited in its scope that it left unadjudicated the critical questions, later decided by the bankruptcy court, concerning the validity of the alleged debt and the propriety of its subordination on equitable grounds to the claims of other creditors. *Id.,* 308 U.S. at 302–04, 60 S.Ct. at 242–244.

In *Heiser v. Woodruff,* the Court was again asked to determine to what extent the bankruptcy court could refuse to allow a claim against the estate which had previously been reduced to judgment in another court. In that case a creditor obtained a default judgment in a federal district court. Prior to filing his petition, the bankrupt sought to vacate the judgment on the grounds that damages were computed on the basis of fraudulent and perjured testimony. The district court refused to vacate the judgment. After the bankrupt filed his petition, he and his trustee again sought to vacate the judgment on similar grounds. Again the district court refused relief and this refusal was affirmed by the court of appeals. The Supreme Court refused to allow the bankruptcy court to reexamine the judgment for the purposes of claim allowance. It distinguished its previous holding in *Litton* on the grounds that, unlike the *Litton* situation, the only issue that supplied equitable grounds for setting aside or subordinating the judgment, fraud, had been twice litigated and decided against the bankrupt and the trustee. *Id.,* 327 U.S. at 738–40, 66 S.Ct. at 858–860.

Assuming that the *Pepper* and *Heiser* cases are relevant to the question before this panel, we conclude that *Heiser* more closely reflects the present facts. In the Debtor's motion to vacate the California "sister state" judgment he properly raised each of the issues he now seeks to argue should invalidate the New York default judgment. *Ex. of Rec.* at 52–68. *See* 40 Cal.Jur.3d, Judgments §§ 99–101 (1978). We conclude that the California Superior Court determined those questions adversely to the Debtor. *See Ex. of Rec.* at 69–75. Inasmuch as the Debtor did not appeal that judgment, it must be taken as final. The Debtor was given an "ample opportunity" to contest Elaine's complaint. He chose not to do so. *Compare Kapp v. Naturelle*, 611 F.2d 703 (8th Cir.1979) *with Margolis v. Nazareth Fair Grounds & Farmers Mrkt.*, 249 F.2d 221, 224 (2d Cir.1957) *and In re Lockwood*, 14 B.R. 374 (Bkrtcy.E.D.N.Y. 1981).

We note, however, that it is not at all clear that the *Pepper-Heiser* line of cases governs the problem presented upon this appeal. Those cases and their progeny relate to the authority of the bankruptcy court with respect to allowing claims against the debtor's estate. The issue before the bankruptcy court in this case relates not to the allowability of a claim but to its dischargeability. Were the issue one of allowability of claims, the interest of the trustee would arguably alter the *res judicata* issues involved.

■ In this case the court's judgment does not purport to liquidate the undischarged amount owing Elaine. The judgment merely determines the New York and California judgments to be nondischargeable. In light of the contentions of the parties and especially the Debtor's failure to contest the fact that the claim is for alimony and child support (*Ex. of Rec.* at 6) it inevitably follows that the judgment is proper.

It would have been improper for the court to enter a new judgment fixing mone-

tary damages unless it was also prepared to render judgment declaring invalid the earlier state court judgments. *See Jones v. Leek*, 427 F.Supp. 1 (D.E.D.Mo.1975) (bankruptcy court judgment superfluous where prior state judgment existed). *See also In re Wymer*, 16 B.R. 497 (Bkrtcy.App.Pan. 9th Cir.1980) (majority and dissenting opinions considering ability of bankruptcy court to influence state judgment which is not determined to be discharged). Here the judgment simply does not address the underlying fraud, jurisdiction, or other non-bankruptcy reasons why the judgments should be declared unenforceable. To the extent it may be argued that these issues, which are not determined one way or the other in the bankruptcy court's judgment, were properly presented for decision by the parties, it must be assumed that the bankruptcy court has simply declined to rule on them. This decision to abstain from addressing those issues is not reviewable by this panel. 28 U.S.C. § 1471(d). Stripped of any pretense of deciding other questions (including the amount of the claim), the naked determination of dischargeability is fully supported by the Debtor's agreement that the entire claim arises from unpaid alimony and child support.

## C. *The Court's Failure to Exclude the Untimely Opposition to Reconsideration*

■ The Debtor asks this panel to reverse the trial court because it permitted Elaine to submit evidence and argument in opposition to the Debtor's motion for reconsideration on the date of the hearing even though the court's local rules require opposition to motions to be filed at least fourteen days in advance. *See* Rule 220–3 Local Rules U.S.Dist.Ct.N.D.Cal. as incorporated by Rule 3 Local Rules U.S.Bk.Ct.N.D. Cal. The argument is wholly frivolous. None of the cases cited by the Debtor even remotely suggests that a trial court cannot, as an exercise of its discretion, consider untimely filings in connection with motion practice where there is no evidence oppos-

ing parties have detrimentally relied upon the absence of a timely filing or have otherwise been prejudiced. The Debtor has not suggested how he was prejudiced by the court's consideration of the items in question.

Contrary to the Debtor's assertions, the court's decision is exactly the sort of sound exercise of discretion that District Court Rule 100–4 (also incorporated by local bankruptcy rule), which requires the rules to be construed to "promote the just, efficient and economical determination of every action and proceeding," is intended to authorize. Inasmuch as the Debtor's entire case and appeal is grounded upon arguments that the bankruptcy court should have looked behind prior court judgments that resulted from the Debtor's failure to contest or appeal questions that he now desires be reexamined, the Debtor's arguments concerning what is a technical default are particularly frivolous.

## V

## CONCLUSION

■ In addition to determining the nondischargeability of Elaine's claim the judgment purports to extend the "Stay of Execution" as applied to the debt pending resolution on appeal. We note that the Debtor's trustee is not a party to this action. Thus, the judgment is not binding upon the estate and cannot effectively grant relief from the Code § 362 automatic stay as to the estate's interest in property. To the extent the judgment deals with relief from the automatic stay, it is superfluous as to the Debtor because nothing in the automatic stay precludes collection of alimony or child support from property not belonging to the estate. *See* Code § 362(b)(2). Thus construing the judgment as not binding upon the trustee of the estate as to either allowability of Elaine's claim or as to relief from the automatic stay, we hold summary judgment is properly granted.

AFFIRMED.

VOLINN, Bankruptcy Judge (dissenting):

Section IV, part B of the majority decision holds that because the state court judgments in question deal with the subject of alimony and because the appellant has conceded that such judgments deal with that subject, the bankruptcy court is precluded from further inquiry into the nature and basis for them. In other words, the concession as to the qualitative aspect of the judgments precludes quantitative inquiry.

In my view, 11 U.S.C. § 523 encompasses an inquiry of the type developed in *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), and *In re Houtman*, 568 F.2d 651 (9th Cir.1979), where the quantitative aspect assumes such proportions that it transforms into substantially new dimensions the putative nondischargeable debt. It may be argued that these are matters which were presented for review by the state court and found wanting. However, had this argument been presented with respect to a default judgment involving a dischargeable claim, the bankruptcy court, by virtue of *Brown* and *Houtman* would, nevertheless, have opened the matter to determine dischargeability.

*Brown* and *Houtman* are leading cases setting forth the right of a debtor to have the bankruptcy court inquire into the background of a debt which a creditor asserts to be nondischargeable under 11 U.S.C. § 523. This right is derived from bedrock policy underlying bankruptcy law. This policy is intended to provide a new opportunity for the debtor to continue his life unhampered by the "pressure and discouragement of preexisting debt". *Brown, supra,* 442 U.S. at 128, 99 S.Ct. at 2207. Debts asserted by creditors to be nondischargeable under 11 U.S.C. § 523 are subject to special scrutiny so that a debtor may not, without good reason, be precluded from realizing his fresh start. This special scrutiny requires that the bankruptcy court inquire into the "true nature" of a judgment debt which a creditor seeks to have excepted from discharge. *Brown, supra,* at 138, 99 S.Ct. at 2212.

The appellant in this case argues that he is precluded from realizing his fresh start because the bankruptcy court failed to make an appropriate inquiry into the "true nature" of his debt to the appellee.

The debtor admits owing approximately $8,000 which is truly in the nature of unpaid alimony and child support.[1] The default judgment obtained by the appellee is approximately $38,000, or $30,000 more than the debtor admitted to be nondischargeable. Even if *Brown* and *Houtman* are read to provide for strict qualitative inquiry, the nearly five-fold disparity between the default amount and that admitted to be nondischargeable, demonstrates a qualitative change.

I agree with the majority that the debtor is precluded from collaterally attacking the validity of the state court judgments. But, I do not feel that he is precluded from using the new defense of § 523 which originated by the filing of bankruptcy. The issue is not whether the debt created by the state court judgment is to be allowed or its amount; but, rather, whether there may be post-bankruptcy enforcement of this particular judgment against the debtor despite the discharge.

I respectfully dissent and would reverse the decision of the trial court, remanding for inquiry into the nature and extent of the debt asserted by the former wife to be nondischargeable.

---

1. Admitting that the appellee's "claim" was for alimony and child support does not constitute an admission that the default judgment extending from such a "claim" was wholly and validly in the nature of alimony and child support.