**In re Richard Lee ROMBOLD, Debtor.**

**Richard Lee ROMBOLD, Plaintiff,**

v.

**DEPARTMENT OF HUMAN RESOURCES OF the STATE OF OREGON and Janice Yvonne Smith, Defendants.**

**Bankruptcy No. 681–05179.**
**Adv. No. 681–6172.**

United States Bankruptcy Court, D. Oregon.

April 20, 1983.

Helmut Kah, Eugene, Or., for plaintiff.

Randall C. Jordan, Eugene, Or., for defendants.

MEMORANDUM OPINION

C.E. LUCKEY, Bankruptcy Judge.

Plaintiff-debtor filed his voluntary Chapter 7 petition in bankruptcy February 17, 1981, and on June 1, 1981, filed this adversary proceeding seeking to have this Court determine an obligation allegedly due his former spouse, Janice Smith, as awarded her in divorce proceedings for support of their minor children in the sum of $7,721.28, and an obligation due the Department of Human Resources of the State of Oregon as the result of assignment of the award to the state agency as a result of public assistance provided her with a balance of $1,245.95, dischargeable. Trial was held November 19, 1982.

The plaintiff and defendant Smith were divorced in 1971 in the Circuit Court of the State of Oregon for Lane County. One hundred and twenty-five dollars ($125.00) per month support money for each of two children was awarded the plaintiff in the marriage dissolution proceedings.

In late 1973, Janice Smith applied to the Lane County District Attorney's Office for assistance in enforcing the child support obligation of Richard Rombold. At that time, Mr. Rombold lived in the State of Montana and the District Attorney's Office initiated a Uniform Reciprocal Enforcement of Support Action petition requesting that the State of Montana assist the State of Oregon in the enforcement of Mr. Rombold's child support obligation. The District Attorney's Office continued to monitor the case until 1975 when the public assistance grant first opened. At that time, the District Attorney's Office deactivated their case and the Support Enforcement Division opened its collection file. In August of 1976, the public assistance grant closed on a final basis and the enforcement responsibility for the case was returned to the District Attorney's Office. The District Attorney's Office maintained enforcement responsibilities for the case until May of 1978, when they were advised by Janice Smith that the children had been adopted by her present husband. The District Attorney's Office closed their file at that time, however, there is no indication of whether or not the closure was at Janice Smith's request. Throughout the period from 1973 through the final closure of the enforcement file by the District Attorney's Office, the primary support enforcement activities were conducted by the State of Montana under the Reciprocal Act. The State of Oregon, Support Enforcement Division, first became aware that the children had been adopted by Janice Smith's present husband during the course of the debtor's bankruptcy case.

During 1975 and 1976, the defendant, now Janice Smith, received the public assistance and to receive it assigned to the State of Oregon support rights against the plaintiff pursuant to Section 402(a)(26) of the Social Security Act. The State of Oregon claims only the unrecovered balance of the public assistance provided, $1,245.95.

The parties have presented as one issue for decision the effect of Section 523(a)(5) of the Bankruptcy Code because of the assignment of the support obligation. At the time of the filing of the debtor's petition and the filing of this adversary proceeding Section 523(a)(5) was unmodified. Congress by P.L. 97–35 on August 13, 1981, modified the law relating to assigned support money obligations as follows:

"SEC. 2334. (a) Section 456 of the Social Security Act is amended by adding at the end thereof the following new subsection:

'(b) A debt which is a child support obligation assigned to a State under section 402(a)(26) is not released by a discharge in bankruptcy under title 11, United States Code.'.

(b) Section 523(a)(5)(A) of title 11, United States Code, is amended by inserting before the semicolon the following: '(other than debts assigned pursuant to section 402(a)(26) of the Social Security Act)'.

(c) The amendments made by this section shall become effective on the date of the enactment of this Act."

Plaintiff urges that his rights should be determined by the date of filing his petition in bankruptcy. The State of Oregon urges the time of this Court's decision should control.

Another issue presented is the effect of the assignment relating to the obligation due the former spouse for arrearages not affected by the public's assistance granted.

On the facts, this Court concludes the assignment apart from the public assistance was for collection purposes only, and does not mandate dischargeability. See *Matter of Beggin*, 19 B.R. 759 (Bkrtcy.W.D.Wash. 1982); *Matter of Sturgell*, 7 B.R. 59 (Bkrtcy.S.D.Ohio, 1980). This being so, the obligation due the former spouse is not affected by the time of the filing of the petition and the effect of enactment of Public Law 97–35.

The Court is mindful of the general bankruptcy principle that the rights of the parties are determined as of the time of filing. of the bankruptcy case, and apart from special, unusual circumstances not present in this proceeding, that time should establish the rights of the parties. See *In re Morris,* 21 B.R. 816 (Bkrtcy.N.D.Iowa, 1982). See also *In re Littell,* 6 B.R. 85 at 88 (Bkrtcy.D.Or.1980) regarding problems of retroactive application of statutes generally.

It was the sense of Congress for a brief time generally to discharge obligations assigned for the purpose of public assistance. That policy was reversed in the passage of P.L. 97–35. Congress, however, did nothing to indicate intended retroactive application. The Court must therefore conclude that the obligation due the defendant Department of Human Resources is dischargeable in the plaintiff's bankruptcy because of the assignment, but that the obligation due the plaintiff's former spouse, having been assigned for purposes of collection only is non-dischargeable.

The plaintiff asserts that on the basis of a number of cases beginning with *In re Warner,* 5 B.R. 434 (Bktcy.Utah, 1980) that even if the debt was originally imposed on the basis of the need of the spouse or children, the debt cannot be non-dischargeable unless at the time of filing there exists a present need by the spouse or children that the debt be paid. This Court must respectfully disagree with the *Warner* case and those that follow it.

The present need requirement cannot be reconciled with the rights of government agencies which have previously rendered public assistance found in the amendment of Section 402(a)(26) of the Social Security Act by P.L. 97–35. Also see *In re Comer,* 27 B.R. 1018 (Bktcy.App. 9th Cir.1983).

A well-stated basis for rejecting the present-need test is to be found in *In re Nelson,* 20 B.R. 1008 (M.D.Tenn.1982) wherein the court has written at pages 1011–1012:

"[3] By creating an exception to the general rule of discharge, Congress, implicitly, resolved the balancing of the very interests considered by the court below in favor of the spouse. Congress did not, in any manner, manifest an intention that the bankruptcy courts should embark upon their own balancing of these policies.[3] Under section 523(a)(5), the bankruptcy courts are free to determine whether a debt characterized by a state court as alimony, support, or maintenance is in fact just that. Upon finding that a debt is in fact support, alimony, or maintenance, however, the bankruptcy court is not free to discharge the debt. Section 523(a)(5) states clearly that such debts are not to be discharged. Consequently, upon finding the debt to be maintenance, support, or alimony in fact, the bankruptcy court below should have excepted that portion of the debt from discharge. Because it did not, its decision in this respect must be reversed.

---

[3] Comparison of section 523(a)(8) and section 523(a)(5) illustrates two alternative approaches that were available to Congress when considering the bankruptcy act: (1) to create absolute exceptions to discharge, as in section 523(a)(5); or (2) to permit bankruptcy courts to weigh various factors when determining whether to discharge a debt, as in section 523(a)(8). Section 523(a)(8) applies to educational loans. It provides:

A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(8) for an educational loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or a nonprofit institution of higher education, unless—

(A) such loan first became due before five years (exclusive of any applicable suspension of repayment period) before the date of the filing of the petition; or

(B) *excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents;* ... (emphasis added).

The structure of section 523(a)(8) reflects Congressional intent to permit bankruptcy courts to use a balancing process when determining whether or not to except an educational loan from discharge. The structure of section 523(a)(5) does not reflect such an intent. Instead, as noted *infra,* judicial discretion under section

523(a)(5) is limited to determining whether a particular debt is in fact in the nature of alimony, maintenance, or support. *See* H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 264, reprinted in [1978] U.S.Code Cong. & Ad.News 5787, 6320. *See generally* 24 Cong.Rec. 1791 (1978) (remarks of Rep. Ertel, sponsor of the amendment that is now codified as Section 523(a)(8) 124 Cong.Rec. 1793 (1978) (remarks of Rep. Dodd)."

It is therefore the opinion of this Court that plaintiff is entitled to judgment that the sum of $1,245.95 for which he is obligated to the defendant, Department of Human Resources of the State of Oregon is dischargeable in his proceedings and the defendant Janice Smith is entitled to judgment that the obligation due her for arrearages of child support as fixed by the Circuit Court of the State of Oregon for Lane County in the amount of $7,721.28 is a non-dischargeable obligation in the plaintiff's bankruptcy case, and that each party should bear his, her or its own attorney's fees and costs in these proceedings. This Memorandum Opinion contains the Court's Findings of Fact and Conclusions of Law and pursuant to Bankruptcy Rule 752 they will not be separately stated.

Separate Judgment consistent herewith will be entered.