**In re Michael J. SCHACK, Debtor.**

**Michael J. SCHACK, Plaintiff.**

v.

**Sandra KAPPITT, Defendant.**

Bankruptcy No. 84–01715–BKC–TCB.
Adv. No. 84–0695–BKC–TCB–A.

United States Bankruptcy Court,
S.D. Florida.

Jan. 9, 1985.

Mark D. Cohen, Britton, Cohen, Cassel, Kaufman & Schantz, P.A., Miami, Fla., for debtor/plaintiff.

James E. Zloch, Patterson & Maloney, Fort Lauderdale, Fla., for defendant.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

The debtor/husband seeks a determination under 11 U.S.C. § 523(a)(5) as to the dischargeability of certain obligations imposed by a marital dissolution decree entered in 1982. The defendant/ex-wife moved for a continuance, which was denied on December 11. Defendant has answered and the matter was tried on December 18. At trial, both parties stipulated that the matter could be resolved on memoranda submitted. Only the plaintiff has submitted a memorandum.

In her answer, defendant alleges as an affirmative defense that the husband fraudulently failed to disclose a $60,000 federal tax liability subsequently asserted as a lien against her home. However, she has offered no proof in support of this allegation.

Plaintiff contends and I find that of the 26 paragraphs in the Agreement dated September 25, 1981, which was incorporated into the judgment of 1982, only paragraphs 12, 14, 15 and 16 purport in any way to impose an obligation for alimony, maintenance or support of the spouse and children. Because only such liabilities survive discharge under § 523(a)(5), we are concerned solely with these four paragraphs.

The debtor concedes his continuing liability under paragraphs 14, 15 and 16, which provide respectively for the medical care, college education and life insurance for his

children. Plaintiff represents that he is providing for these obligations at the present time and this contention has not been disputed. The only conceivable disputed issue presented in this adversary proceeding, therefore, is paragraph 12.

▇ Paragraph 12 provides undifferentiated alimony and child support in a specific amount, which is reduced to a lesser sum upon the remarriage of the wife, which occurred before this bankruptcy petition was filed on September 13, 1984. However, the paragraph further provides:

"If at the end of November, 1984, the Wife has 'remarried', the Husband shall have no further obligation for family maintenance and support."

In view of this provision and the wife's remarriage, I find and hold that the debtor has no further continuing obligation for alimony or child support, other than the obligation noted above for child support as specified in paragraphs 14, 15 and 16.

We turn now to the only serious question, the husband's *past due* obligations under paragraph 12. The wife alleges there is a past due obligation and the husband's bankruptcy schedules concede that he owes $80,000 to his ex-wife, at least a part of this obligation arose under paragraph 12, but neither party has offered any proof as to the amount presently owed.

The debtor/husband contends now, and it is undisputed before me, that at the time of bankruptcy and at the present time, he provides the support of both children. One lives with him and is attending junior college. The other lives alone, but the husband is paying all his costs.

▇ It is the husband's contention that a past due obligation for either alimony or child support, which is not presently needed by the spouse or children for their continuing support at the time of bankruptcy is dischargeable. He relies upon *In re Warner*, 5 B.R. 434, 442 (Bkrtcy.D. Utah 1980) in which our former colleague, Judge Mabey, so held. Initially, several other bankruptcy courts followed *Warner* and reached the same conclusion.

I disagree. Section 523(a)(5) is completely unambiguous:

"A discharge ... does not discharge an individual debtor from any debt (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that (A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise; or (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support."

There is no basis in the statute or its legislative history for the additional requirement imposed by *Warner*.

*Warner* has been rejected by every appellate court which has passed upon this contention. *Boyle v. Donovan*, 724 F.2d 681, 683 (8th Cir.1984); *In re Comer*, 27 B.R. 1018, 1020 (BAP 9th Cir.1983); *In re Harrell*, 33 B.R. 989, 993 (N.D.Ga.1983); and *In re Nelson*, 20 B.R. 1008, 1011 (M.D. Tenn.1982). In addition, most bankruptcy courts have also rejected *Warner*. As stated in *Boyle:*

"This argument misses the point. In deciding whether to characterize an agreement as an alimony, maintenance or support obligation or a property settlement, the bankruptcy court does not examine the present situation of the parties. Rather, the crucial question is what function did the parties intend the agreement to serve when they entered into it."

▇ If because of changing circumstances, a debtor ought to be relieved of either a continuing or a past obligation for alimony or child support, the debtor may generally seek relief from the state court whose decree imposed the liability. There is no justification for the federal court to assume that responsibility merely because the debtor has declared bankruptcy. In this instance, the debtor/husband specifically restricted his right to seek modification of the Agreement in question here:

"The Husband agrees that the only basis for his attempt in modification of any of

the provisions of this Agreement is his inability to pay. The Husband further agrees that any accumulation of assets by the Wife, and any income earned by the Wife, no matter how great those assets or income, will not be the basis for a modification by the Husband of the terms of this Agreement."

That provision would, of course, continue to be binding upon him.

As is required by B.R. 9021(a), a separate judgment will be entered excepting from discharge under § 523(a)(5) any sum owed by the debtor to the defendant in connection with paragraphs 12, 14, 15 and 16 of the Agreement dated September 25, 1981 between the parties for alimony, maintenance or support of the defendant or children of their marriage, together with reasonable attorney's fees incurred by the defendant in enforcing those obligations. This court abstains from determining the amount of the foregoing debt and jurisdiction is relinquished to the appropriate state court for that purpose and for the purpose of enforcing the payment of such obligation from property that is not property of this bankruptcy estate. Section 362(b)(2). All other debts owed by the debtor to the defendant, if any, are dischargeable.

Costs may be taxed on motion.