**In re Robert Roy FRYMAN, Debtor.**

**Robert Roy FRYMAN, Plaintiff,**

**v.**

**Beverly D. WENDT & State of Wisconsin, Defendants.**

**Bankruptcy No. 86–02531.**
**Adv. No. 86–0507.**

United States Bankruptcy Court, E.D. Wisconsin.

Nov. 13, 1986.

Michael S. Kneeland, Fond Du Lac, Wis., for State of Wis.

Robert A. Kennedy, Jr., Crandon, Wis., for plaintiff/debtor.

## DECISION

D.E. IHLENFELDT, Bankruptcy Judge.

In this adversary proceeding, the plaintiff debtor seeks a declaratory judgment that his support obligations to the State of Wisconsin and to his former wife, Beverly D. Wendt, are discharged. The State of Wisconsin has moved for judgment on the pleadings.

In 1979, a state court judgment of divorce required the debtor to pay child support on behalf of two minor children. It is not disputed that the debtor is presently in arrears on such judgment in the amount of $6,950, of which sum $5,150 has been assigned to the State of Wisconsin by reason of AFDC payments having been made to the wife. Since 1979, the debtor's ex-wife, Beverly, has remarried, and the two minor daughters have grown up, married, and are now having children of their own. The debtor contends that he is no longer legally obligated to provide support for them, that they do not presently have need of the past due payments for support, and that the State of Wisconsin, as assignee of a portion of the judgment, has no greater rights than Beverly and the two children.[1]

Relying on the early case of *In re Miller*, 17 B.R. 717 (Bankr.WD WI 1982), the debtor has asked the court to declare the entire arrearage to be a dischargeable debt. *Miller* in turn cited *In re Warner*, 6 BCD 788, 793, 5 B.R. 434, 443 (Bankr.Utah 1980), wherein Judge Mabey said:

"[E]ven if the debt was originally imposed on the basis of the need of the spouse or children, the debt cannot be held nondischargeable unless at the time of filing there exists a present need by the spouse or children that the debt be paid."

This court declines to follow *Warner* and *Miller*. As is pointed out by *In re Schack*, 46 B.R. 520, 521 (Bankr.SD FL 1985):

"There is no basis in the statute or its legislative history for the additional requirement imposed by *Warner*.

"*Warner* has been rejected by every appellate court which has passed upon this contention. *Boyle v. Donovan*, 724 F.2d 681, 683 (8th Cir.1984); *In re Comer*, 27 B.R. 1018, 1020 (BAP 9th Cir. 1983); *In re Harrell*, 33 B.R. 989, 993 (N.D.Ga.1983); and *In re Nelson*, 20 B.R. 1008, 1011 (M.D.Tenn.1982). In addition, most bankruptcy courts have also rejected *Warner*. As stated in *Boyle*:

'This argument misses the point. In deciding whether to characterize an agreement as an alimony, maintenance or support obligation or a property settlement, the bankruptcy court does not examine the present situation of the par-

---

1. Sec. 523(a)(5) of the Bankruptcy Code excepts from discharge debts due,

   (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or other order of a court of record or property settlement agreement, but not to the extent that—

   (A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise

(other than debts assigned pursuant to section 402(a)(26) of the Social Security Act, or any such debt which has been assigned to the Federal Government or to a State or any political subdivision of such State); or

   (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support; ..."

ties. Rather the crucial question is what function did the parties intend the agreement to serve when they entered into it.'

(3) If because of changing circumstances, a debtor ought to be relieved of either a continuing or a past obligation for alimony or child support, the debtor may generally seek relief from the state court whose decree imposed the liability. There is no justification for the federal court to assume that responsibility merely because the debtor has declared bankruptcy."

*In re Harrell* has since been affirmed by the court of appeals *In re Harrell,* 754 F.2d 902 (11th Cir.1985), and to *Schack* and the cases cited therein can now be added *In re Brown,* 46 B.R. 612 (Bankr.SD Ohio 1985), *In re Bell,* 61 B.R. 171 (Bankr.SD TX 1986), and *In re Gibson,* 61 B.R. 997 (Bankr.NH 1986).

An order will be entered declaring the debtor's support obligations to be nondischargeable.

This decision shall constitute findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Procedure.