**In the Matter of Wendell Wayne CHAMBERS, Debtor.**

**Dorothy CHAMBERS, Plaintiff,**

v.

**Wendell Wayne CHAMBERS, Defendant.**

**Adv. No. 81–0245.**

United States Bankruptcy Court, W.D. Wisconsin.

Jan. 5, 1984.

---

John Heibl, Heibl, Heibl & Crisafi, Madison, Wis., for plaintiff.

William D. Dyke, Mineral Point, Wis., for defendant.

## OPINION AND ORDER

ROBERT D. MARTIN, Bankruptcy Judge.

This proceeding was brought to determine the dischargeability of an obligation of the defendant debtor under a divorce judgment. At trial the plaintiff was represented by attorney John Heibl of Madison, Wisconsin and defendant was represented by attorney William Dyke of Mineral Point, Wisconsin.

Plaintiff Dorothy Chambers was divorced from defendant Wayne Chambers in 1975, after a marriage of approximately thirty years. The divorce decree ("judgment") granted Mrs. Chambers a house in Hollandale, Wisconsin, which was then subject to a mortgage in favor of Barneveld State

Bank. Mr. Chambers was ordered to convey his interest in the property to plaintiff and to "cause to be executed and recorded a good and sufficient satisfaction of mortgage from said Barneveld State Bank." In addition, plaintiff received a car, miscellaneous household furnishings, and stock worth about $1,000.00. The defendant was granted a farm in Hollandale, a lumberyard, also in Hollandale, a house in Mt. Horeb and a trailer lot in Crawford County, Wisconsin, along with various vehicles. A written stipulation for "division of the property of the parties in lieu of all alimony" was also noted in the Findings of Fact and Conclusions of Law, signed by Judge Buenzli of the Dane County Court on February 28, 1975, and incorporated in the judgment without reference to the "lieu of all alimony" provision.

At the time of the divorce, plaintiff, whose formal education ended with the tenth grade, was employed part-time as a cleaning person, and earned about $370.00 per month. She also received rent of approximately $75.00 per month from the house in Hollandale. Defendant testified that at the same time he was an auto salesman earning, on the average, something less than $1,000.00 per month. He also received income from other real estate to which he held title. All living children of the marriage were older than 21 years of age at the time of the divorce.

Defendant testified that following the divorce he had attempted, and failed, to satisfy the mortgage provided for in the written stipulation and judgment. The apparent reason for his failure was the asserted inseverability of the encumbrance on the Hollandale house from other collateral covered by various notes, mortgages and renewals granted Barneveld State Bank. Ultimate-ly, the Bank pursued the foreclosure of its mortgage on the Hollandale house. Mrs. Chambers settled that action, as to herself, by the payment of $3,500.00. She incurred legal fees in connection with the foreclosure of approximately $2,700.00.

Defendant filed a chapter 7 petition in this court in August 1981. He was then unemployed. Plaintiff has filed a complaint seeking to deny the defendant a discharge of his debt to her under the divorce judgment for payments and costs of the foreclosure action, grounding the complaint on 11 U.S.C. § 523(a)(5).[1]

■ Section 523(a)(5) of the Bankruptcy Code excepts from discharge debts to a former spouse "for support of such spouse . . . in connection with a separation agreement, divorce decree, or property settlement agreement" except to the extent such debt includes a liability denominated support which is not actually in the nature of support. Thus, a debt for support may be included in a "property settlement," and so long as the debt is actually for support, may fall under the § 523(a)(5) exception to discharge. The language of the statute on its face makes clear that the label of the state court order or agreement is irrelevant to the essentially federal law question of whether the debt is for support. *Vande Zande v. Vande Zande*, 22 B.R. 328, 330 (Bkrtcy.W.D.Wis.1982); *In Re Bailey*, 20 B.R. 906, 909 (Bkrtcy.W.D.Wis.1982). Courts look to the form of the award and consider, whether, according to the parties' circumstances, a need for support exists at the time the debtor filed his petition. *In Re Bailey*, 20 B.R. 906, 909 (Bkrtcy.W.D.Wis. 1982), *Miller v. Miller*, 17 B.R. 717, 720 (Bkrtcy.W.D.Wis.1982) [citing with approval *In Re Warner*, 5 B.R. 434, 443 (Bkrtcy.D. Utah 1980) ].

1. Section 523(a)(5) provides:
   (a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—
   (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise; or
(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support.

In the present case, the nature of the property division in the divorce documents is strong evidence that the arrangement was intended for the partial support of plaintiff. Defendant received a farm and lumberyard, among other items, which, although encumbered, were sources of income for him. Plaintiff received the Hollandale house which was apparently of smaller value, but the source of regular rental income. That income according to her testimony was about $75.00 per month at the time of the divorce and is about $150.00 per month at present. It is significant that the plaintiff has at all times been impaired in her earning capacity since she has only a tenth-grade education and few economically valuable skills, and that she depends on rent from the Hollandale house.

Although federal and not state law is binding as to what is or is not an obligation for support, bankruptcy courts should be guided and informed by state law as to the nature and extent of support obligations. *In Re Calhoun*, 715 F.2d 1103, 9 C.B.C.2d 290, 294–6 (6th Cir.1983). Thus, this court should be guided by WIS.STATS. §§ 767.255 and 767.26, and the declaration of legislative purpose accompanying their adoption, which provides that these sections apply not only to actions affecting marriage after the effective date of the laws (1978), but also "motions or actions for modification or enforcement of orders entered prior to the effective date of their act." 1977 Wisconsin Laws, c. 105, § 62; 1979 Wisconsin Laws, c. 196, § 49. Section 767.255 governs property division; § 767.26 governs awards of maintenance (i.e. support) of a former spouse. In general, the two sections are similar and refer to one another. Both sections require consideration of the "earning capacity of each party, including educational background, training, employment skills...." Section 767.255(6); *cf.* § 767.-26(5). The court is also to consider, *inter alia,* "whether the property division is in lieu of [maintenance] payments," § 767.-255(8), and "(t)he feasibility that the party seeking maintenance can become self-supporting at a standard of living reasonably comparable to that enjoyed during the marriage." Section 767.26(6).

The burden of proof in bankruptcy proceedings is on the party objecting to the discharge of a debt. *In Re Bailey,* 20 B.R. 906 (Bkrtcy.W.D.Wis.1982); *In Re Fox,* 5 B.R. 317 (Bkrtcy.N.D.Tex.1980). While the evidence offered could have been more narrowly directed to the issue, it appears that plaintiff has met her burden of showing that the payment made in settlement of the foreclosure action stated without contradiction to be in the amount of $3,500.00, and admitted to be an obligation of the dependent under the divorce judgment, is actually for her support and thus is excepted from discharge. Although plaintiff is currently employed in house cleaning and assisting at her son's tavern, and the debtor was unemployed at the time of filing the petition, this court need not balance the present relative financial health of the parties.[2] A debt payable to a third person may be viewed as a nondischargeable support obligation if intended to serve as such. *In Re Williams,* 703 F.2d 1055, 1057 (8th Cir. 1983).

Mrs. Chambers' claim for attorney's fees in the approximate amount of

---

**2.** In *Bailey, supra,* this court adopted the reasoning of *In Re Warner,* 5 B.R. 434 (Bkrtcy.D. Utah 1980) that the question of what constitutes "support" is a federal question, irrespective of the form or label of a state court decree. In *Miller v. Miller, supra,* this court further adopted the *Warner* view that the court reviewing an objection to dischargeability of a support obligation should "balance ... the imperatives of domestic support and debtor's relief." 17 B.R. at 720. The *Warner* view has been disapproved expressly by a Bankruptcy Appeals Panel in the 9th Circuit [*In Re Comer,* 27 B.R. 1018, 1020–21 (Bkrtcy.App. 9th Cir.1983) ]

and by a district court in *In Re Nelson,* 20 B.R. 1008, 1010 (D.C.M.D.Tenn.1982), *reversing* 16 B.R. 658 (Bkrtcy.M.D.Tenn.1981). These courts rely principally on the lack of a hardship provision in § 523(a)(5) [*cf.* § 523(a)(8)(B) ]. This court need not choose between the two views since no evidence has been presented in the instant proceeding as to defendant's present employment, and only slight evidence as to plaintiff's total current earnings and needs. Ample evidence exists, however, as to the disparity in opportunity between the two ex-spouses.

$2,700.00 is also nondischargeable. Ancillary obligations of this sort—incurred in a proceeding to enforce the primary obligation—"stand or fall (i.e. [are] dischargeable or nondischargeable) with the primary debt." *In Re Sposa,* 31 B.R. 307, 310 (Bkrtcy.E.D.Va.1983) [citing *In Re Bell,* 5 B.R. 653 (Bkrtcy.W.D.Okl.1980)]. The only question is whether "the ancillary proceeding is sufficiently related to or connected with the primary support obligation." *Id.* Since plaintiff is seeking to except from discharge a debt incurred in pursuit of an obligation of her former husband under the original divorce decree, and one which this court has found to be for actual support, the ancillary proceeding is sufficiently related to the primary obligation to render the award of a reasonable attorney's fees equally nondischargeable.

Upon the foregoing which constitutes my findings of fact and conclusions of law in this proceeding it is hereby

ORDERED that plaintiff may have judgment against defendant for $3,500.00 and actual attorney's fees not to exceed $2,700.00 which judgment is a nondischargeable debt of defendant in this bankruptcy case.