In the Matter of Scott M. HADDEN a/k/a Scott Hadden d/b/a ABS Concrete Contractors, ABS Concrete Contracting, Debtor.

**Bankruptcy No. MM7–84–01149.**

United States Bankruptcy Court, W.D. Wisconsin.

Jan. 22, 1986.

Thomas R. Glowacki, Harris, Hill & Glowacki, Madison, Wis., for debtor.

Guy K. Fish, Roethe, Buhrow, Roethe & Pope, Edgerton, Wis., for creditor.

## MEMORANDUM DECISION AND ORDER

ROBERT D. MARTIN, Bankruptcy Judge.

On October 6, 1983, Scott Hadden ("debtor") commenced a civil action in Rock County Circuit Court against Stettler Construction Co. ("Stettler"). The debtor's first cause of action was for breach of a construction contract earlier entered into between the parties ("the contract"), and his second cause of action was for theft by contractor. On October 26, 1983, Stettler filed an answer denying the allegations and counterclaimed for attorney's fees provided under the contract.

On June 8, 1984, the debtor filed for relief under chapter 7 of the Code. The debtor did not list Stettler as a creditor, but revealed the existence of the pending suit in his statement of affairs. On July 10, 1984, the state court dismissed the debtor's second cause of action and ordered that the debtor's trustee in bankruptcy, William Rameker, be made a party to the action. On August 22, 1984, the debtor filed an amendment to his bankruptcy petition and listed three additional creditors. On September 28, 1984, the debtor was granted a discharge in bankruptcy.

The state court trial was held from October 14 through October 16, 1984. On January 28, 1985, the state court issued a memorandum decision dismissing the debtor's cause of action and granting judgment to Stettler on his counterclaim for attorney's fees, in the amount of $8,406.35 of which

$2,395.95 of the fees were from before filing and $6,010.40 from after.

On February 15, 1985, the debtor filed a second amendment to his chapter 7 petition and listed Stettler's judgment as an additional unsecured claim. On March 25, 1985, Stettler filed a motion to amend the debtor's schedule by removing the second amendment. This court heard the motion on May 28, 1985, and took the matter under advisement, with briefs to be filed by June 17, 1985 and reply briefs to be filed by June 24, 1985. The sole issue to be determined is whether the debtor's voluntary continuation of pending litigation after his filing for bankruptcy created a nondischargeable post-petition debt.

*In Re Thomas*, 12 B.R. 432 (Bankr. S.D. Iowa 1981) provides the closest precedent, and suggests the propriety of dividing the claim between the pre-petition and post-petition services. To the extent that the attorney's fees arose before the filing of the bankruptcy petition, Stettler's claim is a dischargeable pre-petition debt. To the extent that the fees arose after the debtor filed for bankruptcy, they constitute a nondischargeable post-petition debt. When a claim arises is a question to be determined by state law. *In Re Thomas, supra* at 433. However, there are no Wisconsin cases on the subject of when an award of attorney's fees stemming from a breach of contract case arises.

Stettler argues that because Wisconsin follows the "American Rule," no claim arose until after the case was decided and the court had awarded Stettler attorney's fees. It is true that Wisconsin does follow the "American Rule." *Kremers-Urban Co. v. American Employers Ins.*, 119 Wis.2d 722, 351 N.W.2d 156 (1984). Therefore, attorney's fees are not ordinarily recoverable in the absence of a statute or enforceable contract providing for them. Although there appear to be no Wisconsin cases setting out the factors a court must consider when awarding attorney's fees pursuant to a contract, the state court found that "the requested attorney's fees are reasonable and were necessary in con-

nection with the defense of this lawsuit." *Hadden v. Stettler Construction Company*, No. 83–CV–1755 (Rock Cty.Cir.Ct.Wis. Jan. 28, 1985). Thus, there appears to be some discretion on the part of the court. Federal courts operating under the American Rule have also exercised discretion in declining to award attorney's fees to the prevailing party despite a contractual provision. *See Cable Marine, Inc. v. M/V Trust Me II*, 632 F.2d 1344 (5th Cir.1980); *United States v. Mountain States Const. Co.*, 588 F.2d 259 (9th Cir.1978).

■ The fact that the court has some discretion in granting or denying reasonable attorney's fees does not make Stettler's right to attorney's fees was so illusory as to fail to fulfill the definition of a claim.[1] There are limits to the contingent nature of a claim. In *In Re UNR Industries, Inc.*, 29 B.R. 741 (N.D.Ill.E.D.1983), the court found that tort claims for asbestos related injuries which had not yet shown any symptoms were too speculative to be claims in bankruptcy. However, the language of section 101(4) shows a definite intent to include claims which are contingent in nature. Consequently, in *UNR Industries* the court said that a contingent claim which arises out of a prior contractual relationship may be dealt with in bankruptcy. *Id.* at 745. Thus at the time this bankruptcy case was filed, Stettler's contractual right to receive attorney's fees previously incurred was sufficient to constitute a claim in bankruptcy.

■ Stettler argues without authority that because the lawsuit was originally listed as an exemption, the debtor proceeded in the state case without the protection of the Bankruptcy Code. What Stettler contends in essence is that the term "debt" holds a meaning unrelated to the term "claim" as the terms are used in bankruptcy. 11 U.S.C. § 522(c) provides that "prop-

erty exempted under this section is not liable during or after the case for any debt of the debtor that arose ... before the commencement of the case...." If Stettler concedes that the debtor's obligation to pay the attorney's fees is a claim, then in order for the debtor to remain liable for an obligation which arose before filing bankruptcy a "claim" must be entirely different from a "debt." This definitional argument is without merit. A debt is defined as "liability on a claim...." 11 U.S.C. § 101(11). Therefore, insofar as property exempted is not liable for a debt which arose before the commencement of a case, because a debt is defined in terms of a claim, anything which would qualify as a claim is equally dischargeable as a debt.

The debtor argues that the claim for attorney's fees arises at the time of the contract and is consequently a dischargeable pre-petition debt. Hadden cites *In Re Thomas, supra*, for the proposition that despite the fact that an obligation did not become a judgment until after the bankruptcy discharge, it was nevertheless entirely dischargeable as a pre-petition claim. In *Thomas*, the State of Iowa became a creditor after receiving an assignment of a child support judgment granted in favor of the debtor's former wife. Child support payments which are assigned are dischargeable as per 11 U.S.C. § 523(a)(5)(A). The State of Iowa maintained that since the court-ordered child-support judgment lien does not attach until an installment is due, its claim to post-petition installments arose as they became due. The bankruptcy court, however, ruled against the State of Iowa in light of the broad definition used in section 101(4) saying that "[t]he operative facts giving rise to the obligation were all extant prior to bankruptcy." *In Re Thomas* at 434. In so finding, the court drew a distinction between pre-bankruptcy acts the

---

1. 11 U.S.C. § 101(4) defines the term "claim":
   (4) "claim" means—
   (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, secured, or unsecured; or

   (B) right to an equitable remedy for breach of performance if such breach gives rise to a right of payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured;
   . . . .

costs of which continue to accrue after filing and costs which the debtor incurs for post-bankruptcy acts. Using this rationale, the dischargeability of Stettler's claim depends upon the "operative facts giving rise to the obligation." If the claim arose from Stettler's right to damages provided by the construction contract when it was entered into, then the claim is entirely dischargeable. If the "operative facts" were each occasion on which attorney's fees were incurred, then the claim should be separated into pre and post-petition parts. The implication of *Thomas* is that bankruptcy was intended to protect the debtor from the continuing costs of pre-bankruptcy acts but not to insulate the debtor from the costs of post-bankruptcy acts.

The debtor also argues that the attorney's fees are dischargeable as an ancillary obligation in connection with the original construction contract. *In Re Chambers*, 36 B.R. 42 (Bankr.W.D.Wis.1984) is cited for this principle. In *Chambers*, the plaintiff, who was the former wife of the defendant, sought to prevent the defendant from discharging a debt for legal fees which the plaintiff incurred in the settlement of a foreclosure action. The mortgage was on property which the plaintiff received pursuant to a divorce decree and was to be satisfied before she received it. Therefore, the plaintiff asserted that both the money required to satisfy the mortgage and the legal fees were in the nature of nondischargeable support under 11 U.S.C. § 523(a)(5). The court, finding in the plaintiff's favor, held that because the ancillary proceeding was sufficiently related to the primary support obligation, reasonable attorney's fees were nondischargeable as well. *Id.* at 46.

The debtor maintains that the attorney's fees Stettler spent in defending the breach of contract case were ancillary to a dischargeable claim. Applying *Chambers*, the debtor reasons that because Stettler's claim on the breach of the construction contract would have been dischargeable had it been pursued prior to filing, so should Stettler's judgment for attorney's fees in defending the action after filing.

*Chambers* can be distinguished from this case. *Chambers*, like *Thomas*, was based upon 11 U.S.C. § 523(a)(5) which excepts from discharge certain support obligations. In *Chambers* the attorney's fees were nondischargeable because they involved the enforcement by the plaintiff of a clearly nondischargeable debt. In this case, the debtor "resurrected" the contract after discharge and reaffirmed his obligation to pay damages if he lost. The attorney's fees in *Chambers* were truly ancillary in nature while those incurred by the debtor in this case were not.

Because this case is unique, a short discussion of the equities involved is appropriate. A principal goal of bankruptcy is to provide the debtor with reasonable exemptions and a fresh start. Allowing the debtor to discharge attorney's fees incurred in the post-petition pursuit of dubious claims might invite egregious abuses, while not allowing discharge of attorney's fees might prevent debtors from pursuing "reasonable exemptions" which are in the form of lawsuits. The balance must be struck so that post-bankruptcy acts on the part of the debtor cannot be undertaken with impunity. This follows from the general principle that only liabilities arising from pre-petition acts are discharged in bankruptcy. If the debtor chooses to enjoy his fresh start by pursuing pre-petition claims which have been exempted, he must do so at the risk of incurring the post-petition costs involved in his acts.

Upon the foregoing which constitute my findings of fact and conclusions of law in this matter it is hereby

ORDERED that Stettler Construction Co. has a claim against the debtor Scott M. Hadden in the amount of $8,406.35 of which amount only $2,395.95 may be discharged in this case and the remainder, $6,010.40 is not discharged as it is a post bankruptcy obligation.

Judgment may enter accordingly.