**In re Phillip L. GREEN, Debtor.**

**Jean L. GREEN, Plaintiff,**

v.

**Phillip L. GREEN, Defendant.**

Bankruptcy No. 86–03603–BKC–AJC.

Adv. No. 87–0183–BKC–AJC–A.

United States Bankruptcy Court,
S.D. Florida.

Dec. 10, 1987.

D. Jean Ryan, Law Office of Patricia A. Redmond, Miami, Fla., for plaintiff.

Ronald G. Neiwirth, Miami, Fla., for debtor/defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A. JAY CRISTOL, Bankruptcy Judge.

THIS CAUSE came on for Trial before this Court on August 25, 1987, upon a Complaint to Determine Dischargeability of a Debt, and upon written Final Arguments and Post–Trial Memoranda of Law submitted by the parties as requested by this Court; and the Court, having observed the candor and demeanor of the witnesses, examined the evidence presented, considered the arguments of counsel and being otherwise duly advised in the premises, does hereby make the following findings of fact and conclusions of law:

The Debtor and his former wife were married in 1951. During the course of their marriage, the Debtor obtained a college degree and became a certified public accountant. Thereafter, the Debtor was employed in various management positions and was actively involved in the real estate development business. By virtue of the Debtor's occupation, he participated in various real estate development projects whereby he would receive distributions on his investments and/or transfers of units of real property as compensation for his financial and professional contributions. His former wife was employed sporadically during the marriage, but was working full-time at the time of their separation.

After thirty (30) years of marriage, the parties separated on November 29, 1981. At the time the parties separated, the Debtor held several parcels of real property and interests in various business entities that he had obtained as a result of his occupation and business ventures.

On the eve of the Debtor's departure from the marital home, the parties met to discuss their imminent separation. The essence of these discussions, and the terms mutually negotiated at that time, were set forth in a letter agreement prepared by the former wife. On December 1, 1981, three (3) days thereafter, the parties again met, reviewed, signed and initialed the letter agreement.

The provisions of this letter agreement, that would be of benefit to the Debtor's former wife, set forth that the marital home would remain titled in the name of the former wife and her mother, that the Debtor would purchase a new car for his former wife, that the former wife would remain a beneficiary on all current insurance policies (including a group health plan), and that the Debtor would transfer

monthly retirement payments due from F.G./I.B. to his former wife.

The letter agreement also stated:

That monthly income from some of your commercial real estate, you stated, is around $1,800.00 to $2,000.00. This real estate will be deeded to me for my income benefit without encumberment (sic). This is to be done before our final divorce.

This particular paragraph contained the Debtor's designation of an arrow and the notation, "to JLG" (the former wife's initials). The Debtor placed his own initials near these handwritten notations, in the margin directly opposite the above-described paragraph.

From the outset, the Debtor failed to perform in accordance with the terms of the letter agreement, and the former wife was forced to seek relief through the Virginia State Court in an action for specific performance. On or about July 23, 1987, the former wife was granted a Judgment in the specific performance action, wherein the Virginia State Court held that the letter agreement constituted a valid contract between the parties. The former wife proceeded with efforts to enforce the terms of the agreement, and the Debtor subsequently performed in accordance with some of the required terms.

On December 2, 1983, the Debtor conveyed title to a parcel of commercial property to his former wife. However, the property was not free and clear of liens and encumbrances at the time of the transfer, and the Debtor has subsequently failed and refused to pay said obligations.

The Debtor filed a Voluntary Petition under Chapter 7 on November 18, 1986. The former wife filed the instant adversary proceeding for a determination that the debt owed to her by virtue of the above-described letter agreement, and more particularly the obligation imposed by the above-stated paragraph, is actually in the nature of alimony, maintenance and/or support and, therefore, constitutes a non-dischargeable debt, pursuant to 11 U.S.C. § 523(a)(5).

The Bankruptcy Code specifically excepts from discharge any debt:

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce, decree or other Order of a Court of record, determination made in accordance with state or territorial law by a governmental unit or property settlement agreement, but not to the extent that

(A) * * *

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance or support;

11 U.S.C. § 523(a)(5).

The case law of this District clearly establishes that the determination of what constitutes alimony, maintenance and support is to "be determined under the bankruptcy laws, not state law." *In re Harrell,* 754 F.2d 902 (11th Cir.1985).

The *Harrell* Court held that the Bankruptcy Court must determine whether the obligation at issue is "actually in the nature of alimony, maintenance or support," stating:

The statutory language suggests a simple inquiry as to whether the obligation can legitimately be characterized as support, that is, whether it is in the nature of support. The language does not suggest a precise inquiry into financial circumstances to determine precise levels of need or support; nor does the statutory language contemplate an ongoing assessment of need as circumstances change.

＊ ＊ ＊ ＊ ＊ ＊

We conclude that Congress intended that Bankruptcy Courts make only a simple inquiry into whether or not the obligation at issue is in the nature of support. This inquiry will usually take the form of deciding whether the obligation was in the nature of support as opposed to being in the nature of a property settlement.

*Harrell, Supra,* at 906 and 907.

The *Harrell* Court also specifically rejected the "needs" test set forth in *Warner*

*v. Warner (In re Warner)*, 5 B.R. 434 (Bankr.D.Utah, 1980), and *Long v. Calhoun (In re Calhoun)*, 715 F.2d 1103 (6th Cir.1983), and limited the Bankruptcy Court's inquiry to the nature of the award and intent of the parties. See, also, *Draper v. Draper*, 790 F.2d 52 (8th Cir.1986); and *Schack v. Kappitt (In re Schack)*, 46 B.R. 520 (Bankr.S.D.Fla.1985).

As stated in *Matter of Bailey*, 20 B.R. 906 (Bankr.W.D.Wis.1982):

> If a debt is imposed to discharge the state law duty of support, no matter what the form of the obligation, it is not dischargeable (See, also, *Bell v. Bell (In re Bell)*, 61 B.R. 171 (Bankr.S.D.Tex. 1986)).

The Courts have long recognized that payments to third persons (including Mortgage payments on real estate) awarded to the wife in furtherance of an obligation "in the nature of support," are nondischargeable. *Long v. Calhoun (In re Calhoun)*, 715 F.2d 1103 (6th Cir.1983); *Pauley v. Spong (In re Spong)*, 661 F.2d 6 (2d Cir. 1981). See, also, *Maitlen v. Maitlen (In re Maitlen)*, 658 F.2d 466 (7th Cir.1981).

In making the determination of what constitutes alimony, maintenance and support, the Bankruptcy Courts look at the totality of the facts and circumstances existing between the parties. See *Williams v. Williams (In re Williams)*, 703 F.2d 1055 (8th Cir.1983); *Froman v. Froman (In re Froman)*, 43 B.R. 609 (Bankr.S.D.Fla. 1984); *MacKenzie v. MacKenzie (In Matter of MacKenzie)*, 57 B.R. 107 (Bankr.M. D.Fla.1985).

The Court finds, based upon the evidence and testimony presented, that the Debtor and his former wife experienced a comfortable lifestyle during their marriage and that approximately $2,000.00 per month is necessary for the former wife to maintain such a lifestyle.

The undisputed testimony reflects that the Mortgage payment on the subject property is approximately $1,709.00 per month, with rental income on that property being only $1,700.00, leaving a monthly deficit of $9.00. Therefore, the transfer of title without satisfaction of the liens and encumbrances can hardly be construed as an "income benefit" for the former wife.

Based upon the evidence and testimony presented, the Court finds that the purpose of the paragraph, as originally contemplated by the parties, was for the Debtor to convey one parcel of commercial real property to the former wife, free and clear of liens and encumbrances, to provide her with a cash flow (from the rental income derived therefrom) sufficient to support her in a manner similar to her previous lifestyle.

As set forth herein, the Court finds that the obligation owed the former wife, pursuant to the paragraph of the letter agreement requiring the Debtor to transfer commercial real estate to his former wife, free of encumbrances, for her income benefit, is in the nature of maintenance and support and, therefore, constitutes a nondischargeable debt, pursuant to 11 U.S.C. § 523(a)(5).

The letter agreement also provided that the Debtor would purchase a new automobile for his former wife, which, based on the testimony, has been so provided. The only item remaining at issue is the paragraph of the letter agreement requiring the Debtor to transfer his retirement payments from F.G./I.B. to his former wife. The testimony established that the Debtor fully intends to comply with this provision and, in the event said transfer has not yet been fully consummated, the Debtor is hereby directed to proceed forthwith with the transfer of these funds to the former wife.

In summary, for the reasons set forth herein, the Court finds that the obligation owed to the former wife, by virtue of the subject letter agreement, constitutes a nondischargeable debt, pursuant to 11 U.S.C. § 523(a)(5).

A separate Final Judgment has been entered in conformity herewith.